**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>RENE JEAN COLEMAN,<br><br>　　　　Debtor. | Case No. 11-00029<br>Chapter 7<br><br><br>Re: Docket No. 9 |

# MEMORANDUM OF DECISION ON DEBTOR'S MOTION FOR VIOLATION OF THE AUTOMATIC STAY

　　This motion requires me to determine whether there was a willful violation of the automatic stay and what damages, if any, the debtor suffered as a result.

　　Debtor Rene Jean Coleman and her spouse, Richard J. Coleman, owned property in Kula, Hawaii, encumbered by a mortgage in favor of IndyMac Bank, F.S.B. Mr. and Ms. Coleman defaulted on the mortgage, and in September 2009 a non-judicial foreclosure was conducted and title transferred to OneWest Bank, F.S.B. ("OneWest"), IndyMac Bank's successor.

　　OneWest filed an action for ejectment in state court on February 2, 2010. The ejectment proceeding was stayed when Mr. Coleman filed a petition for bankruptcy relief on March 18, 2010. See Bk. No. 10-00770, dkt. no. 1. After this court granted OneWest relief from the automatic stay, Bk. No. 10-00770, dkt. no.

13, OneWest proceeded with the ejectment action and obtained an oral ruling granting summary judgment and a writ of possession on December 30, 2010. Dkt. No. 24, Ex. 3. Before the state court entered a written order, however, Ms. Coleman commenced this bankruptcy case on January 7, 2011. Dkt. no. 1.

In her petition, Ms. Coleman listed OneWest as a secured creditor and provided an address in Kalamazoo, Michigan. Dkt. no. 1, creditors matrix. Ms. Coleman failed to notify the state court and OneWest's counsel in the ejectment case of her bankruptcy pursuant to Local Bankruptcy Rule 2072-1. According to Ms. Coleman's bankruptcy attorney, she did not inform her bankruptcy counsel about the ejectment case. According to Mr and Ms. Coleman, they also did not inform their attorney in the ejectment action of Ms. Coleman's bankruptcy.

The state court, unaware of the bankruptcy filing, entered its written ejectment order post-petition on January 24, 2011. Dkt. no. 24, ex. 3.

To enforce the writ of possession, OneWest retained a firm that does business under the unfortunate name "Evictions R Us." Beginning on February 2, 2011, Evictions R Us made efforts to evict the Colemans. Dkt. no. 19, Decl. Chris Williams, ¶ 5. Mr and Ms. Coleman began to pack their things and prepare to move out. They did not tell Evictions R Us of the bankruptcy, however, until

U.S. Bankruptcy Court - Hawaii   #11-00029   Dkt # 29   Filed  05/03/11   Page 2 of 6

February 15 (according to Evictions R Us) or 20 (according to Ms. Coleman). When the Colemans told Evictions R Us that Ms. Coleman was in bankruptcy, Evictions R Us and OneWest immediately stopped the eviction process. Dkt. no. 19, Decl. Chris Williams, ¶ 11-12.

OneWest then filed a motion for relief from the automatic stay. Ms. Coleman responded that she was contemplating a lawsuit against OneWest contesting the foreclosure, but had not decided because her husband was ill. When the motion came on for hearing on March 30, 2011, the Colemans were still living in the property. The court granted the motion and permitted OneWest to resume the eviction, but made the relief effective on April 18, 2011. Dkt. no. 22.

The filing of a petition for bankruptcy relief automatically stays any proceedings against a debtor to obtain possession of property of the estate. 11 U.S.C. § 362(a)(1), (3). Although Mr. and Ms. Coleman did not have title to the property on the petition date, they had a possessory interest by virtue of their physical occupancy of the premises. That interest was property of the estate and protected by the automatic stay. See In re Williams, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005).

There is no genuine dispute that One West violated the stay. OneWest, through its agent, Evictions R Us, attempted to deprive Ms. Coleman of her

U.S. Bankruptcy Court - Hawaii   #11-00029   Dkt # 29   Filed 05/03/11   Page 3 of 6

possessory interest in the property by enforcing the writ of possession well after Ms. Coleman filed for bankruptcy.

If a creditor "willfully" violates the automatic stay, an individual debtor "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1). To be "willful", the creditor must know of the automatic stay, and its actions that violate the stay must be intentional. Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 220 (B.A.P. 9th Cir. 2006) (citing In re Peralta, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004)).

It is not clear that OneWest's violation was willful. The mailed notice of the bankruptcy to OneWest at its Kalamazoo, Michigan address may or may not have been sufficient. 11 U.S.C. § 342. Additionally, Ms. Coleman did not notify OneWest's local counsel in the ejectment action of her bankruptcy filing, as required by LBR 2072-1. Because of this noncompliance, OneWest may not have had actual knowledge of the bankruptcy filing until Mr. and Ms. Coleman informed Evictions R Us, at which time OneWest ceased all eviction actions.

I do not need to decide whether the violation was willful, however, because Ms. Coleman has not proven any actual damages which resulted from the stay violation. There are at least four flaws in Ms. Coleman's damages request.

4

U.S. Bankruptcy Court - Hawaii   #11-00029   Dkt # 29   Filed 05/03/11   Page 4 of 6

First, Ms. Coleman is only entitled to actual damages caused by the attempted premature eviction. Ms. Coleman is not entitled to recover damages for the eviction itself, because that did not occur until after the stay was lifted. All of the damage items listed by Ms. Coleman flowed from the eviction, not from the uncompleted eviction attempts that occurred before the stay was lifted. Although Ms. Coleman's counsel argued at the hearing that she suffered losses because she had to dump certain items in her preparation to move while the stay was in effect, it appears that she would have suffered exactly the same losses if OneWest had not pursued the eviction until after the stay was lifted.

Second, Ms. Coleman provides no substantiation for the dollar amounts she attributes to the alleged categories of damages.

Third, some of the categories of damages are not compensable in any circumstances. For example, Ms. Coleman does not explain why she is entitled to recover the cost of improving the soil on the property, or why the Colemans had to "eat out" from February 12, 2011 to present, even though they still reside on the premises.

Fourth, the attorneys' fees and costs recoverable under section 362(k)(1) include only those incurred to prevent violations of the stay, not to prosecute an action to recover damages for the violations. <u>Sternberg v. Johnston</u>, 595 F.3d 937,

5

U.S. Bankruptcy Court - Hawaii   #11-00029   Dkt # 29   Filed  05/03/11   Page 5 of 6

945-48 (9th Cir. 2010). There is no evidence that the fees she paid to her attorney in the ejectment action or her bankruptcy attorney's fees meet this standard.

Because Ms. Coleman has not proven any damages as a result of the stay violation, the motion must be denied.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 05/03/2011